## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-19898 TBM |
| WILD CALLING PET FOODS, LLC, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JEFFREY L. HILL, Chapter 7 Trustee, ) | Adversary Proceeding No. |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| EAGLE ROCK MANAGEMENT, LLC ) | |
| d/b/a RE/MAX EAGLE ROCK, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Jeffrey L. Hill, chapter 7 trustee, by and through his undersigned counsel, for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1.   The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2.   This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3.   Venue in this district is proper under 28 U.S.C. § 1409(a).

4.   This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

5. Wild Calling Pet Foods, LLC ("Debtor") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 25, 2017 (the "Petition Date").

6. The Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code on March 29, 2018 (Docket No. 133).

7. Jeffrey L. Hill ("Trustee") is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

8. Defendant Eagle Rock Management, LLC d/b/a RE/MAX Eagle Rock ("Defendant") is a Colorado limited company with its principal place of business at 6028 Stallion Dr., Loveland, CO 80538.

9. Debtor made a payment of $26,362.50 on February 20, 2017 to Defendant (the "Transfer").

10. The Transfer was a "transfer" as that term is defined in Section 101(54) of the Bankruptcy Code.

11. Debtor did not owe a debt to Defendant at the time of the Transfer.

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer—11 U.S.C. § 548(a)(1)(B))

12. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 12 as though more fully set forth in this First Claim for Relief.

13. Under 11 U.S.C. § 548(a)(1)(B), Trustee may avoid any transfer of an interest of a debtor in property made within two years of the Petition Date if the debtor received less than a reasonably equivalent value for the transfer and "(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or] (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

14. Debtor made the Transfer within two years of the Petition Date.

15. Debtor did not receive reasonably equivalent value in exchange for the Transfer.

16. On the date the Transfer was made, Debtor was either:

  a. insolvent or became insolvent as a result of the Transfer;

b.      engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or,

c.      intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

17.     As a result of the foregoing, the Transfer is avoidable by Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

18.     Through discovery it may become known that additional payments were made by Debtor to Defendant during the two-year period before the Petition Date.  Trustee asserts that all or a portion of such additional payments may be avoidable as by the Trustee under 11 U.S.C. § 548(a)(1)(B) and are included in the definition of Transfer.

19.     If the Transfer is avoided pursuant to 11 U.S.C. § 548(a)(1)(B), Trustee may recover, under 11 U.S.C. § 550(a), the property transferred or the value of said property.

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding the Transfer pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the property subject to the Transfer or the value thereof as set forth herein; and (c) granting such other relief as the Court deems just and appropriate.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfer—11 U.S.C. § 548(a)(1)(A))

20.     Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 20 as though more fully set forth herein.

21.     Under 11 U.S.C. § 548(a)(1)(A), Trustee may avoid any transfer of an interest of Debtor in property made within two years of the Petition Date when such transfer is made with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

22.     Debtor made the Transfer within two years of the Petition Date.

23.     The Transfer to Defendant was made with the actual intent to hinder, delay or defraud creditors of Debtor.

24.     Actual intent is shown by, among other facts, the facts alleged above and the following "badges of fraud":

a.      the Transfer occurred before or after substantial debt was incurred;

b.      Debtor received no consideration in exchange for the Transfer;

      c.      The Transfer was made after litigation was commenced against Debtor; and

      d.      Debtor was insolvent or became insolvent as a result of the Transfer.

25. As a result of the foregoing, the Transfer is avoidable by Trustee pursuant to 11 U.S.C. § 548(a)(1)(A).

26. If the Transfer is avoided pursuant to 11 U.S.C. § 548(a)(1)(A), Trustee may recover, under 11 U.S.C. § 550(a), the property transferred or the value of said property.

27. Trustee asserts that through discovery it may become known that additional payments were made by Debtor to Defendant during the two-year period before the Petition Date. Trustee asserts that all or a portion of such additional payments may be avoidable by Trustee under 11 U.S.C. § 548(a)(1)(B) and are included in the definition of Transfer.

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against Defendant (a) avoiding the Transfer pursuant to 11 U.S.C. § 548(a); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the Transfer from Defendant or the value thereof as set forth herein; and (c) granting such other relief as the Court deems appropriate.

Dated this 24th day of October, 2019.

        Respectfully submitted,

        WADSWORTH GARBER WARNER CONRARDY, P.C.

        */s/David J. Warner*
        David J. Warner, #38708
        2580 W. Main St., Ste. 200
        Littleton, CO 80120
        303-296-1999 / 303-296-7600 FAX
        dwarner@wgwc-law.com
        Attorneys for the Plaintiff/Chapter 7 Trustee